IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARMEN C. KERRY,

     Plaintiff,                      No. CIV. S-09-1879 FCD EFB PS

     vs.

THE STATE OF CALIFORNIA, et al.,

                                 ORDER

     Defendants.

_____/

This matter is referred to the undersigned in accordance with E. D. Cal. L. R. ("Local Rule") 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding in this action *pro se*, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request will be granted.

However, the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or because the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (Fed. R. Civ. P. 12(b)(6)).  The complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (emphasis deleted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 1949 (May 18, 2009), quoting *Bell Atlantic, supra*, 550 U.S. at 570.

Although the court must liberally construe the pleadings of a *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (*en banc*), the court's construction may not supply essential elements of a claim that are not otherwise plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  On the other hand, unless it is clear that no amendment can cure the defects of a *pro se* complaint, the plaintiff is entitled to notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (*en banc*); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  A *pro se*

complaint, like all complaints, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, specifically, it must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."

The instant "complaint" is comprised of thirty pages of lists, commencing with a list which identifies over twenty defendants, including such disparate entities as California Social Services, Heald College, Bank of America, City of Manteca, Castlerock Production and Robert Kerry, plaintiff's ex-husband. The remaining lists including various specialities within the law (e.g., Business Law, Corporation & Partnership Law, Criminal Defense, Employment & Labor Law, Family Law, Personal Injury, etc.), subspecialties (e.g., Miller Act, Medicare Act, Stockholder's Suits, Land Condemnation, Torts to Land, etc.), chronologies of plaintiff's applications for schools, scholarships, subsidized housing, general assistance, etc., as well as repeated claims of being "stalked, tormented, terrorized, starved, assaulted," etc. The first two pages of the complaint are presented on a portion of a standard complaint form – under the section "Statement of the Claim," plaintiff references the remainder of her complaint, and promises that "other known documents to be retrieved from various counties, cities, District Attorney Officer Admin. Dept. and Police/Sheriff Dept. Preci.;" under the section entitled "Relief," plaintiff states, "Settlement, Victim Restitution Compensation, Lost Wages, Benefits, Insurance, Investments, Real 'Titles' Estate properties, Public/Private," and a demand for $17 billion dollars. Dckt. No. 1. The civil cover sheet is unhelpful in discerning plaintiff's claims – it provides that the U.S. Government is the plaintiff, that this case involves torts to land, and that plaintiff seeks $17 billion based on "Ownership: Disclosure of Real Estate Intelligent Property." Dckt. No. 1-2.

When plaintiff filed this complaint, she also submitted several business cards, shopping lists, applications for government aide, and other miscellaneous documents. The Clerk of Court returned these items to plaintiff. Dckt. Nos. 3, 4. Plaintiff subsequently filed three letters, which

seek the following: (1) "Immediate Case Advancement" for housing and other expenses, from the Sacramento County Department of Social Services, Dckt. No. 7; (2) further request for a cash advance, notification that plaintiff has sought restitution from a Victim's Compensation fund, has unresolved divorce issues, and requests "a summon as earliest as possible to speak with trial lawyers representing my cases," Dckt. No. 8; and (3) further request for funds, and notification that plaintiff is "seeking marriage to someone new," as well needing "restraining orders against those individual[s] who have caused me shame, disrespect, dishonor and distitutuion [sic]," Dckt. No. 9.

In short, this filing is legally frivolous, lacks any coherence in form or content, and does not appear to state a federal claim. The court will nonetheless grant plaintiff leave to file an amended complaint that conforms with the requirements of Fed. R. Civ. P. 8(a), sets forth a coherent recitation of pertinent facts, and articulates a cognizable federal claim for relief. The amended complaint must bear the docket number assigned this case and be labeled "Amended Complaint;" it shall identify each defendant in both the caption and the body of the complaint, and clearly set forth the allegations against each defendant. The amended complaint must be complete in itself, without reference to prior pleadings or other filings to date, which will no longer serve any function in this case. *See* Local Rule 15-220; *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

The court cautions plaintiff that failure to state a cognizable claim, or to comply with this order, the local rules of this court, or the Federal Rules of Civil Procedure, may result in a recommendation that this action be dismissed. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . "); *see also* Local Rule 11-110 (failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); Local Rule 83-183 (failure of persons proceeding in *pro se* to comply with the Federal and Local Rules may be ground for dismissal, judgment by default, or other appropriate

1  sanction).

2  Accordingly, IT IS HEREBY ORDERED that:

3  1. Plaintiff's request for leave to proceed in forma pauperis, Dckt. No. 2, is granted.

4  2. Plaintiff's complaint is dismissed with leave to amend.

5  3. Plaintiff is granted leave to file an Amended Complaint, in conformance with the
6  requirements set forth herein, within thirty days after the filing date of this order. Failure to
7  timely file an amended complaint will result in a recommendation that this action be dismissed.

8  SO ORDERED.

9  DATED: August 21, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE